UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CESAR URBINO                                    CIVIL ACTION

VERSUS                                          NO. 18-4006

ASSOCIATED BUILDING SERVICES, L.L.C.            SECTION "E" (2)
ET AL.

## ORDER AND REASONS ON MOTION

This is a putative collective action in which plaintiff seeks allegedly unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). Plaintiffs's Motion for Leave to File Amended Complaint, Record Doc. No. 17, is pending before me. The motion seeks to add four new defendants, together with additional allegations against both the new and original defendants, and a revised proposed class definition. Record Doc. No. 17-1 at p. 7. Defendants filed a timely opposition memorandum. Record Doc. No. 22. Having considered the written submissions of the parties, the applicable law, and the record, IT IS ORDERED that the motion is DENIED for the following reasons.

Where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 8, the schedule "may be modified only for good cause <u>and</u> with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. <u>Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply</u> to the district court's decision to grant or deny leave." <u>S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA</u>, 315 F.3d

533, 536 (5th Cir. 2003) (emphasis added). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting S & W Enters., 315 F.3d at 535); accord Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Nunez v. U.S. Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008); In re Int'l Marine, LLC, No. 07-6424, 2009 WL 498372, at *1-2 (E.D. La. Feb. 26, 2009).

In this case, the presiding district judge entered an extensive scheduling order, tailored specifically to aspects of FLSA collective actions that do not apply to other kinds of cases. With particular significance to this motion, the district judge set a June 28, 2018 deadline for amending pleadings, an August 29, 2018 deadline for completion of discovery related to plaintiff's motion conditionally to certify a class, and a September 4, 2018 deadline for filing a motion conditionally to certify the class. Record Doc. No. 8 at p. 2. All of those deadlines had expired before plaintiff filed this motion to amend on September 18, 2018. In entering her scheduling order, the district judge emphasized that "[t]he deadlines set forth herein are not 'suggestions' but firm deadlines which will be strictly enforced." Id. at p. 1 (emphasis in original).

Weighing the Rule 16 factors in this case militates against a finding of good cause. Plaintiff's explanation for this untimely motion is <u>un</u>persuasive. Plaintiff argues that the identity of the new defendants, the basis for the new allegations, and the need to amend the class definition were all only recently determined in discovery. However, the basic fact giving rise to the alleged need to amend is inherent in every FLSA action; <u>i.e.</u>, the identity of plaintiff's employer. This is information plaintiff either knew or should have known long before the deadlines elapsed, as more fully described in defendant's opposition memorandum. Record Doc. No. 22 at pp. 2-5.

Although the amendments may be important, defendants will be prejudiced by permitting them at this late date. Prejudice occurs "if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 596 (5th Cir. 2004). <u>See</u> <u>Mayeaux v. La. Health Serv. & Indem. Co.</u>, 376 F.3d 420, 427 (5th Cir. 2004) (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); <u>Atrium Cos., Inc. v. ESR Assocs.,</u>

Inc., No. 11-CV-1288, 2012 WL 4215103, at *8 (S.D. Tex. Sept. 18, 2012) (citations omitted) (denying leave to amend based on undue prejudice when defendant had invested considerable effort in the case during months of litigation).

In this case, defendants have invested considerable effort in conducting discovery by the deadline for doing so before the class certification motion was filed, preparing and filing two summary judgment motions and opposing a motion to certify a class, the definition of which plaintiff now seeks to change. Although a continuance might cure this prejudice, the reference in the presiding judge's scheduling order to "rare and extraordinary" circumstances makes the availability of such a continuance appear unlikely. In any event, whether a continuance might be available to cure such prejudice is a matter only for the district judge to decide.

For all of the foregoing reasons, the motion to amend is DENIED. If for any reason, the previously set deadlines are continued, plaintiff may resubmit this motion, but only in a timely fashion.

New Orleans, Louisiana, this _____3rd_____ day of October, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. SUSIE MORGAN**