UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CESAR URBINO,<br>    Plaintiff | CIVIL DOCKET |
| VERSUS | NO. 18-4006 |
| ASSOCIATED BUILDING<br>SERVICES, LLC, ET AL.,<br>    Defendants | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is a joint Motion to Seal Plaintiff's Prospective Motion to Approve Settlement.[1] The Motion to Approve Settlement, which the parties jointly move to file under seal, requests the Court approve the settlement agreement and dismiss the case with prejudice.[2] For the reasons that follow, the Court **DENIES** the Motion to Seal and grants the parties fourteen (14) days to advise the Court whether they continue to request approval of the settlement, with the understanding that the settlement will be approved in a separate order but will not be filed under seal.

## BACKGROUND

Plaintiff Cesar Urbino filed this collective action, individually and on behalf of others similarly situated, on April 17, 2018.[3] Plaintiff alleges Defendants Troy Strahan and Associated Building Services, LLC violated the Fair Labor Standards Act ("FLSA")[4] by failing to pay him and other employees one and one-half times their hourly rate for the hours they worked in excess of forty hours per week.[5] On January 29, 2019 the parties

---

[1] R. Doc. 49.
[2] R. Doc. 49-2.
[3] R. Doc. 1.
[4] 29 U.S.C. § 201 *et seq*.
[5] R. Doc. 1.

1

filed the instant Motion to Seal, seeking to file a Motion to Approve FLSA Settlement under seal.[6]

## LAW AND ANALYSIS

### I. Motion to Seal

The parties "represent to the Court that the settlement poses material risk to the Parties if disclosed" and maintain "that in this instance the interests of non-disclosure outweigh the public's right to access."[7] The parties therefore "move to seal the motion to approve the settlement and to maintain this document under seal throughout the remainder of the case and indefinitely into the future, so that the confidentiality of the settlement agreement and its terms can be maintained."[8]

Generally, there is a strong presumption in favor of public access to court records.[9] In determining whether to seal a document, the Court "must balance the public's common law right of access against the interests favoring nondisclosure."[10] In the FLSA context specifically, "there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review. The public's interest in accessing the settlement agreement, including the settlement amount, often outweighs any interest in confidentiality."[11] The consensus of district courts faced with a motion to seal a FLSA settlement hold that the settlement cannot be sealed absent some

---

[6] R. Doc. 49.
[7] R. Doc. 49 at 1-2.
[8] R. Doc. 49 at 1-2.
[9] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *SEC v. VanWaeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).
[10] *VanWaeyenberghe*, 990 F.2d at 848.
[11] *Parrish v. Def. Sec. Co.*, No. 10-2604, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013) (quoting *Rodriguez v. El Polio Regio, Inc.*, No. 11-2276, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012)).

extraordinary reason that overcomes the presumption of public access.[12] The parties do not articulate an extraordinary reason to seal the motion to approve the settlement and cannot not overcome the strong presumption in favor of public access to such documents. As a result, the Court denies the motion to seal.

II. **Motion to Approve Settlement**

In the underlying Motion to Approve FLSA Settlement, which the parties request to file under seal, the parties move the court to approve their settlement agreement.[13] The Court has reviewed the settlement and is willing to approve the agreement. The Court will allow the parties fourteen (14) days to advise the Court whether they continue to request approval of the settlement, with the understanding that the settlement will be approved by separate order and that the settlement agreement will be unsealed.

## CONCLUSION

**IT IS ORDERED** that the parties' joint Motion to Seal is **DENIED.**

**IT IS FURTHER ORDERED** that the parties advise the Court whether they continue to request approval of the settlement by no later than **February 15, 2019.**

**New Orleans, Louisiana, this 1st day of February, 2019.**

                                            **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[12] *See, e.g., Rodriguez v. El Polio Regio, Inc.*, 2012 WL 5506130, at *1 (N.D. Tex. Feb.23, 2012); *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 647 (S.D.N.Y. 2011) (collecting cases); *Tran v. Thai*, 2009 WL 2477653, at *1 (S.D. Tex. Aug.12, 2009).
[13] R. Doc. 49-2.