## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by Associated Building Services, LLC, ABS Maintenance, LLC, LADNB, LLC and ABS Production Services, LLC, and the subsidiaries, affiliates, officers, employees, members, managers, agents, directors, representatives, successors, assigns, and attorneys of each of them and Troy Strahan (the "Released Parties"), on the one hand, and Cesar Urbina ("Plaintiff"), who is the named plaintiff in the case captioned *Cesar Urbino, on behalf of himself and others similarly situated v. Associated Buildings Services, LLC and Troy Strahan*, Case No. 2:18-cv-04006, in the United States District Court for the Eastern District of Louisiana (the "Lawsuit").

This Agreement is made as a compromise between Plaintiff and the Released Parties (collectively, the "Parties") for the complete and final settlement of all of Plaintiff's claims, differences and causes of actions raised in the Lawsuit, and those claims, demands and causes of action that Plaintiff has or may have against any of the Released Parties, defined hereinbelow as the "Released Claims."

### AGREEMENT

**A.** **Consideration:** In consideration of all of Plaintiffs' agreements and obligations herein, Defendants agree to pay Plaintiff a total amount of $20,000.00 U.S. Dollars (the "Settlement Amount") without withholdings or deductions of any kind within seven (7) days of the Parties execution of this agreement and the entry of an order in the Lawsuit dismissing Plaintiff's claims and causes of action, with prejudice. Payment of the Settlement Amount shall be by check payable jointly to the Costales Law Office and Cesar Urbina. The allocation of the Settlement Amount between Plaintiff and his counsel shall be a matter between them and, if necessary, shall be submitted to the Court for review and approval.

1

Plaintiff agrees to indemnify and defend the Released Parties from and against any and all claims, disputes and causes of action between them concerning the payment of the Settlement Amount. Plaintiff represents and warrants that he has not pledged, transferred or assigned any of his rights, claims demands or causes of action

B.  **Release of Wage and Hour and Other Claims:** Plaintiff hereby agrees to release and forever discharge the Released Parties from all claims of any kind, whatsoever, now existing, that in any way relate to, were asserted by, or could have been asserted by, Plaintiff in the Lawsuit or any other action or proceeding of any kind or nature, including, but not limited to claims for alleged violation by any or all of the Released Parties of the Fair Labor Standards Act, claims regarding hours worked, the payment, or nonpayment of wages, overtime compensation, minimum wage compensation, meal and rest periods, penalties, liquidated damages, attorney's fees, or any and all other claims (the "Released Claims"). The Plaintiff acknowledges that he has no other claims or causes currently pending in any court or tribunal against any of the Released Parties.

C.  **Liability:** The Parties agree that nothing herein shall be construed as an admission by any of the Parties of any wrongdoing or violation of any applicable law and that nothing in this agreement shall be so construed by any other person.

D.  **Severability of Provisions:** Should any provision of this Agreement be adjudicated as unenforceable, that provision shall be null and void and all other provisions shall remain in full force and effect.

E.  **Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any

representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement. Counsel for Plaintiff represents that they and Plaintiff have discussed fully and have interpreted for him and are in agreement concerning the terms and conditions of settlement, including Plaintiff's indemnity obligations to the Released Parties, and the allocation of the Settlement Amount as between them.

F. **Confidentiality and Indemnification:** The Parties agree not to disclose, make known, discuss or relay any information concerning the fact of or terms of settlement, including the terms or contents of this Agreement, to any third-party. In response to an inquiry, the Parties shall not make any comment or disclosure about the settlement including, but not limited to, the terms and contents of this Agreement. The terms of this paragraph shall not prohibit disclosure by the Parties: (i) as may be required by the Court presiding in the Lawsuit, (ii) any court or as required by other lawful process, (iii) as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement Agreement, or (iv) to an attorney, accountant, or tax authority.

Plaintiff shall indemnify and defend the Released Parties from and against any suits, demands, claims or causes of action brought by any other person which originate or arise from Plaintiff's disclosure of the facts or terms of this settlement.

G. **Dispute Resolution:** The Parties intend for any disputes regarding this Agreement to be heard only by the United States District Court for the Eastern District of Louisiana.

H. **Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Louisiana whether any party is, or may hereafter be, a resident of another state.

I. **Court Approval; Amendments/Modifications:** Upon the execution of this Agreement, Plaintiff shall file a motion to dismiss his claims, with prejudice, without reference to settlement. If the Court requires disclosure of this Agreement or the terms thereof, or the allocation between Plaintiff and his counsel of the Settlement Amount, the Parties shall request *in camera* review of this Agreement and request that reference to the settlement not be made part of any motion or judgment in the Lawsuit.

If Court approval of this Agreement is required, no waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.

J. **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

K. **No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

L. **Cooperation Clause:** The Parties acknowledge it is their intent to consummate this Agreement, and they agree to cooperate and exercise their best efforts to the extent necessary to effectuate and implement all of the terms and conditions of this Agreement.

M. **Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing, signed by all Parties and approved by the Court.

N.   **Captions:** The captions or headings of the sections and paragraphs of Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

O.   **When Agreement Becomes Effective; Counterparts:** This Agreementshall be become effective upon its execution. The Parties may execute this Agreement in multiple counterparts.

P.   **Facsimile Signatures:** Execution by facsimile shall be deemed effective original.

Q.   **Corporate and Other Signatories:** Each person executing this Agreement, including execution on behalf of Defendants, warrants and represents that such person has the authority to do so. Each Signatory to this Agreement hereby warrants and represents that such person has authority to bind the party for whom such person acts, and the claims, suits, and rights of interests hereby asserted are owned by the party asserting same and that these rights have not been assigned, transferred, sold or otherwise impaired and are free of encumbrances.

R.   **Reemployment:** Plaintiff hereby waives any right or claim to reemployment or reinstatement as an employee of any or all of the Released Parties and agrees that he will not knowingly seek or accept employment in the future with Released Party or any of the parents, subsidiaries, affiliated corporations, successors or assigns thereof. This will not impact Plaintiff's rights to maintain employment with any other entity subsequent to this agreement which is not affiliated with a Released Party Defendants or the parents, subsidiaries, affiliated corporations, successors or assigns thereof.

S.   **Neutral Letter of Reference and Neutral Reference Checks.** Plaintiff agrees not to identify any of the Released Parties as a reference in connection any other employment he may seek. Inasmuch as Associated Business Services, LLC, Troy Strahan and the Released

Parties disclaim that Plaintiff was ever an employee, any reference checks (both written and oral) regarding Plaintiff will be answered consistent with that disclaimer, but with respect to inquiries concerning Plaintiff's work, all responses will be made in a neutral manner

END OF RELEASE. SIGNATURE PAGES TO FOLLOW.

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN INTERPRETED FOR ME BY MY COUNSEL AND I FULLY UNDERSTAND ITS TERMS AND CONDITIONS PRIOR TO EXECUTING IT.

_____
César Urbina

Dated: 12/11/18


BEAUMONT COSTALES LLC

By: _____

7

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY EXPLAINED TO AND UNDERSTOOD BY THE UNDERSIGNED BEFORE EXECUTION.

_____/President
Associated Building Services, LLC

Dated:

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY EXPLAINED TO AND UNDERSTOOD BY THE UNDERSIGNED BEFORE EXCUTION..

_____
Troy Strahan, individually and on behalf of

ABS Maintenance, LLC, LADNB, LLC and

ABS Production Services, LLC,

Dated: