UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CEASAR URBINO, | CIVIL DOCKET |
| Plaintiff | |
| VERSUS | NO. 18-4006 |
| ASSOCIATED BUILDING SERVICES, LLC, ET AL., | SECTION: "E" (2) |
| Defendants | |

## ORDER AND REASONS

Before the Court is the Plaintiff's Motion to Approve Settlement.[1] Defendant consents to the motion.[2] For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Cesar Urbino filed this collective action, individually and on behalf of others similarly situated, on April 17, 2018.[3] Plaintiff alleges Defendants Associated Building Services, LLC and Troy Strahan violated the Fair Labor Standards Act ("FLSA")[4] by failing to pay him and other employees one and one half times their hourly rate for the hours they work in excess of forty hours per week.[5]

On September 4, 2018, Plaintiff moved for conditional certification as a collective action and notice to potential class members.[6] The putative class was defined as "all individuals who worked or are working performing manual labor for Associated Building Services, LLC, ABS Maintenance, LLC, LADNB, LLC, and/or ABS Production Services, LLC through a labor subcontractor during the previous three years who worked in excess of forty

---

[1] R. Doc. 51.
[2] R. Doc. 51.
[3] R. Doc. 1.
[4] 29 U.S.C. § 201 *et seq.*
[5] R. Doc. 1.
[6] R. Doc. 12.

1

hours in any work week and failed to receive premium pay, at the rate of one-an-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek."[7] Defendants opposed.[8] Conditional certification as a collective action has not been granted. On February 14, 2019, the parties filed the instant motion to approve the proposed settlement agreement between Plaintiff and Defendants.[9]

## STANDARD OF LAW

The Court "must approve any settlement reached by the parties which resolves the claims in this action brought under [29 U.S.C. § 216(b)]."[10] This is true whether or not the action has been certified as a collective action.[11] "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."[12] The Court must scrutinize the proposed settlement agreement to verify that parties are not circumventing the "clear FLSA requirements" by entering into a settlement agreement.[13] When deciding whether to approve a proposed settlement, the Court must assess whether the proposed settlement is both (1) the product of a bona fide dispute over the FLSA's provisions and (2) fair and reasonable.[14]

---

[7] R. Doc. 12-1 at 5.
[8] R. Doc. 14.
[9] R. Doc. 51.
[10] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).
[11] *Id.* at 719 ("[A] court must approve any settlement of claims brought under § 216(b) even if there is only one plaintiff.") (citing *Walker v. Home at Last of Brevard, Inc.*, 2007 WL 2698535 (M.D.Fla. 9/12/07); *Russell v. Circle L Roofing, Inc.*, 2007 WL 1549307 (M.D.Fla. 5/28/07); *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260 (M.D.Ala.2003)).
[12] *Id.*
[13] *See id.*
[14] *Domingue v. Sun Electric & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (E.D. La Apr. 26, 2010).

**ANALYSIS**

**I. The Settlement is the Product of a Bona Fide Dispute**

When deciding whether a bona fide dispute exists, the Court considers whether there is a "genuine dispute as to the Defendant's liability under the FLSA,"[15] as "[w]ithout a bona fide dispute, no settlement could be fair and reasonable."[16] This is particularly true in an "FLSA [action because its provisions] are mandatory, and not subject to negotiation and bargaining between employers and employees."[17]

The Court finds a bona fide dispute exists between Plaintiff and Defendants with regard to whether Defendants violated the FLSA. Plaintiff and Defendants dispute whether Plaintiff was properly paid regular and overtime compensation.[18] The Court finds this sufficient to conclude that, in this case, there was "aggressive prosecution and strenuous defense" to prove a bona fide dispute.[19]

**II. The Settlement is Fair and Reasonable**

In determining whether a negotiation is fair and reasonable under the FLSA, courts are guided by *Reed v. General Motors Corporation*, in which the Fifth Circuit enumerated factors to determine whether a settlement is fair in a class action under Rule 23 of the Federal Rules of Civil Procedure.[20] Courts, however, "adopt or vary these factors in their application in light of the special role of the Court in settlement of FLSA claims."[21] There are six factors: (1) the existence of fraud or collusion behind the settlement; (2) the

---

[15] *Allen v. Entergy Operations, Inc.*, No. 11-1571, 2016 WL 614687, at *1 (E.D. La. Feb. 11, 2016).
[16] *Collins*, 568 F. Supp. 2d at 719.
[17] *Allen*, 2016 WL 614687, at *1.
[18] R. Doc. 1 at 3–5, ¶¶ 7–16; R. Doc. 43 at 7–8, ¶¶ 7–16.
[19] *See Atkins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014).
[20] *Allen*, 2016 WL 614687, at *2; *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)*; see also Collins*, 568 F. Supp. 2d at 722 (noting "Rule 23 does not control FLSA collective actions, [but] many courts have adopted many of Rule 23's procedures" given the court's discretion under §216(b)).
[21] *Collins*, 568 F. Supp. 2d at 722.

complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.[22]

### A. The existence of fraud or collusion behind the settlement

With respect to the "fraud or collusion" factor, there are several presumptions that guide a court's determination of whether a settlement is fair and reasonable. "[T]here is a strong presumption in favor of finding a settlement fair,"[23] and, absent evidence to the contrary, there is a presumption that no fraud or collusion occurred between counsel.[24] In light of these presumptions, however, "it is clear that the court should not give rubber-stamp approval."[25] The Court has found no indication of fraud or collusion. The parties have engaged in discovery, motions practice, and negotiations to resolve this matter. This factor indicates the settlement is fair and reasonable.

### B. The complexity, expense, and likely duration of the litigation

The instant case has been pending for more than ten months. The Court has scheduled a five-day jury trial for the case, to begin on May 20, 2019.[26] If a collective action were certified, there would be numerous issues of fact that would contribute to the complexity, expense, and duration of the litigation. The Court finds that the unresolved issues and the complexity of the litigation indicate the settlement is fair and reasonable.

### C. The stage of the proceedings and the amount of discovery completed

A court will consider how much formal discovery has been completed for two

---

[22] *Id.* (citing *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).
[23] *Domingue*, 2010 WL 1688793, at *1 (internal quotations omitted).
[24] *Akins*, 2014 WL 1456382, at *2.
[25] *Id.* (quoting 4 NEWBERG ON CLASS ACTIONS §11.41 (4th ed.)).
[26] R. Doc. 8.

4

reasons: (1) "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information," and (2) "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . settlement is not collusive but arms-length."[27] The lack of much formal discovery is not necessarily fatal, however, and a court may look to informal avenues of gathering information or may approve a settlement with no formal discovery conducted.[28]

In this case, the parties have engaged in discovery relating to the Plaintiff's Motion for Conditional Class Certification and Defendants' Motion for Summary Judgment.[29] Because there is only one named Plaintiff, the parties have had a sufficient opportunity to engage in discovery and reach a good understanding of the strengths and weaknesses of their respective cases. The Court finds the parties have litigated the case in an adversarial manner and are sufficiently familiar with the facts of this case to reach a fair settlement. This factor weighs in favor of finding the settlement fair and reasonable.

### D. *The probability of Plaintiff's success on the merits*

Because the instant litigation is in its early stages, Plaintiff's Motion for Conditional Class Certification is pending, and Defendants' Motion for Summary Judgment is pending, it is uncertain whether Plaintiff would be successful. The parties have taken into account the uncertain outcome and the risk of continued litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review. The

---

[27] NEWBERG ON CLASS ACTIONS § 13:50 (5th ed.)
[28] *See id.*; *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 241 (5th Cir. 1982) (explaining that formal discovery is not "a necessary ticket to the bargaining table" where the parties and the court are adequately informed to determine the fairness of the settlement) (citing *In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 211 (5th Cir. 1981)).
[29] R. Doc 12; R. Doc. 16.

Court finds that, given the unresolved disputes between the parties and the stage at which this litigation remains, it is unclear whether and to what extent Plaintiff would be meritorious. This factor indicates the settlement is fair and reasonable.

E. *The range of possible recovery*

The settlement amount for Plaintiff is $20,000.[30] The parties do not indicate how this figure was calculated, but it is not a nominal amount. The Court cannot ascertain whether the agreed-upon amount is within a range of possible recovery for Plaintiff. There is no evidence indicating the amount would not be within a range of possible recovery. As a result, this factor does not weigh for or against a finding that the settlement is fair and reasonable.

F. *The opinions of class counsel, class representatives, and absent class members*

There are three parties in the case. No class has been certified. As a result, there are no "absent class members." The parties seek judicial approval of a settlement agreement that addresses a bona fide dispute and was negotiated in good faith. The Court finds the final factor indicates the settlement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Approve Settlement be and hereby is **GRANTED** and that the Parties' settlement agreement is **APPROVED**.[31]

**New Orleans, Louisiana, this 20th day of February, 2019.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[30] R. Doc. 51-2 at 1.
[31] R. Doc. 51.